## VELMA BAXTER v. STATE.

No. A-6583. Opinion Filed May 11, 1929.
(277 Pac. 287.)

Morris & Tant, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of shooting with intent to kill, and her punishment fixed at a term of four years in the state penitentiary.

At the time charged defendant was the wife of Ed Baxter, the deceased. They were negroes living at Oklahoma City. On the afternoon of that day deceased was at the home of another negro and defendant went to the place and called him out and fired five shots at him with a revolver. Her aim was poor and only the last shot took effect, that in the hip. Baxter was taken to the hospital and died that night. The defendant admitted the shooting, but claimed the shots were fired in her necessary self-defense and offered other evidence supporting her claims of self-defense. There was evidence that defendant and deceased had domestic trouble, that deceased was quarrel-

some and dangerous when drinking, and that he had been drinking at the time of the shooting. Just why the defendant was not prosecuted on a charge of murder or manslaughter we are not advised; presumably on the theory that the wound inflicted was not the proximate cause of death.

The first contention is that the court erred in refusing defendant's requested instruction presenting her theory of the case. This request in substance is that defendant had a right to go to the place where deceased was for the purpose of inducing him to return home, even though she might know such act on her part might cause him to become angry and make an attack upon her; that in such case she would nevertheless have a right in case of an attack to meet force with force in defending herself from danger or apparent danger. The court instructed rather fully on the law of self-defense, which instruction substantially embodies the principle contained in the requested instruction.

Complaint is next made that the assistant county attorney in his argument to the jury went outside the record and made improper comment on the character or reputation of defendant; that, as defendant had not placed the same in issue, it was entirely outside the record. This assignment is directed to the following statement in the argument:

"I do not say the deceased was a man we should be proud to boast of, but water seeks its level, and I do not know his wife was any better; she might have been like her husband."

The character and reputation of defendant was not in issue. That of deceased was. The comment that deceased was of bad reputation was well within the evidence.

Defendant had testified to several acts of deceased within her knowledge showing him to be of dangerous disposition, some of these acts occurring prior to their marriage. Counsel in his argument had a right to draw all reasonable and logical deductions from the evidence as viewed from the standpoint of the state. The statement complained of certainly is not inflammatory and could not have had any influence in causing the jury to arrive at the verdict they did. They present no reason for disturbing the judgment.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.